UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VALARIE JEAN T.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. 3:24-cv-00191-DKG <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her applications for disability and disability insurance benefits and supplemental security income. (Dkt. 1). Having reviewed the Complaint, the parties' memoranda, and the administrative record (AR), the Court will affirm the decision of the Commissioner for the reasons set forth below.

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On March 8, 2021, Plaintiff filed applications for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act. Both applications allege disability beginning on January 25, 2021. The applications were denied initially on August 18, 2021, and on reconsideration on December 28, 2021.

A telephonic hearing was conducted on March 21, 2023, before Administrative Law Judge (ALJ) Jesse Shumway.[2] After considering testimony from Plaintiff and a vocational expert, the ALJ issued a decision on April 24, 2023, finding Plaintiff had not been under a disability since the alleged onset date through the date of the written decision. (AR 43-58). The Appeals Council denied Plaintiff's request for review on February 12, 2024, making the ALJ's decision final. Plaintiff timely filed this action seeking judicial review of the ALJ's final decision. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

At the time of the alleged disability onset date, Plaintiff was thirty-two years of age. Plaintiff is a high school graduate. (AR 56). Transferability of Plaintiff's job skills was found to be immaterial to the determination of disability. (AR 56). Plaintiff claims she is unable to work due to certain physical and mental impairments, including bipolar disorder, hip pain, depression, anxiety, and migraines. (AR 301, 337).

---

[2] In light of the COVID-19 pandemic, both parties consented to the hearing being conducted by telephone. (AR 43, 206-07).

**MEMORANDUM DECISION AND ORDER - 2**

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 25, 2021, the alleged onset date. (AR 45). Plaintiff had worked after the alleged disability onset date, but the ALJ determined that such work activity had not risen to the level of substantial gainful activity. (AR 45). At step two, the ALJ found Plaintiff had the following medically determinable, severe impairments: fibromyalgia, benign paroxysmal positional vertigo, depressive disorder, bipolar disorder, anxiety disorder, and post-traumatic stress disorder ("PTSD"). (AR 46). The ALJ also found at step two, that Plaintiff's migraines, lumbar spondylosis, meralgia paresthetica, sinusitis, polycystic ovary syndrome, tachycardia, kidney stones, and history of alcohol use disorder did not cause more than minimal limitations in Plaintiff's ability to perform basic work activities and were therefore non-severe. (AR 46). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meet or medically equaled the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P,

**MEMORANDUM DECISION AND ORDER - 3**

Appendix 1 ("Appendix 1"). 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926. (AR 46).

The ALJ next found Plaintiff retained the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with the following additional limitations:

> She can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, she can occasionally climb ladders, ropes, and scaffolds, she can tolerate moderate noise, she cannot have concentrated exposure to vibration, she can have no exposure to pulmonary irritants or hazards, such as unprotected heights and moving mechanical parts, she is limited to simple, routine tasks, she can have only occasional, superficial contact with the public, and she needs a routine, predictable work environment with no more than occasional, simple changes.

(AR 48). The ALJ concluded at step four that transferability of Plaintiff's job skills was not material to the determination of disability and therefore the ALJ expedited the inquiry into her past relevant work. (AR 56) (citing 20 C.F.R. §§ 404.1565, 416.965). Relying on testimony from the vocational expert, the ALJ found at step five that jobs exist in significant numbers in the national economy that Plaintiff can perform given her age, education, work experience, and RFC, such as merchandise marker, collator operator, and sub-assembler. Thus, the ALJ found Plaintiff not disabled.

## ISSUES FOR REVIEW

1. Whether the ALJ erred at step three by failing to consider if Plaintiff's migraines met or medically equaled the criteria in listing 11.02.

2. Whether the ALJ erred in evaluating Plaintiff's subjective symptom statements regarding her migraine impairment.

**MEMORANDUM DECISION AND ORDER - 4**

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision, unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Plaintiff's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r Soc. Sec.*

*Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

### 1. Step Three

First, Plaintiff alleges that the ALJ erred at step three by failing to consider whether Plaintiff's migraines met or equaled the criteria in listing 11.02. (Dkt. 17 at 13). Defendant contends that the ALJ was not required to discuss whether Plaintiff's migraines equaled the 11.02 listing, and even if the Court agrees with Plaintiff, such error was harmless. (Dkt. 19 at 4).

At step three, the ALJ analyzed whether Plaintiff had an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 46). Here, the ALJ specifically mentioned and considered Plaintiff's severe impairments at step three. *Id*. The ALJ found that there was no evidence that Plaintiff's fibromyalgia met or medically equaled a listing individually, or in combination with any other medically determinable impairments. *Id*. The ALJ then found Plaintiff's mental impairments of depressive disorder, bipolar disorder, anxiety disorder, and PTSD, considered individually and in combination, also did not meet or medically equal the criteria of the applicable listings. *Id*. Because the ALJ found Plaintiff's migraine impairment to be non-severe at step two, the ALJ did not individually analyze it at step three but considered all medically

**MEMORANDUM DECISION AND ORDER - 6**

determinable impairments in combination with her severe impairments. *Id.*

At step three of the evaluation process, an ALJ must determine whether a claimant has an impairment or combination of impairments that meets or equals an impairment contained in the listings. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). The listings describe "each of the major body systems impairments [considered] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525, 416.925. The claimant has the burden to show that her condition meets or equals an impairment set forth in the listing. *See Tackett*, 180 F.3d at 1098. To meet a listing, a claimant must demonstrate that she meets each characteristic of a listed impairment relevant to her claim and must have every finding specified in the listing. *See id.* at 1099; 20 C.F.R. §§ 404.1525(d), 416.925(d); *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). ("For a claimant to show that [her] impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."). To equal a listed impairment, a claimant must establish "symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment." *Tackett*, 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526(a)).

Notably, migraines are not a specifically listed impairment. If an impairment is not described in the "Listing of Impairments," the regulations require that the ALJ "compare [a claimant's] findings with those for closely analogous listed impairments." 20 C.F.R. §§ 404.1526(b)(2), 416.926(b)(2). The Social Security Administration identifies Listing

**MEMORANDUM DECISION AND ORDER - 7**

11.02 (Epilepsy) as the most closely analogous to primary headache disorders. Migraines are included in such disorders and may, alone or in combination with another impairment, medically equal a recognized listing. SSR 19-4p: *Titles II and XVI: Evaluating Cases Involving Primary Headache Disorders*, available at 2019 WL 4169635 (Aug. 26, 2019); *see also Woolf v. Saul*, 2019 WL 4580037, at *5 (D. Idaho 2019) (citing *Rader v. Comm'r of Soc. Sec.*, 2018 WL 4087988, at *3-4 (D. Idaho 2018).

To equal Listing 11.02(B), a claimant must have headache events "at least once a week for at least 3 consecutive months despite adherence to prescribed treatment."[3] *See* Social Security Ruling (SSR) 19-4p, available at 2019 SSR LEXIS 6, at *7, 2019 WL 4169635 (Aug. 26, 2019). To equal Listing 11.02(D), a claimant must have headache events "at least once every 2 weeks for at least 3 consecutive months despite adherence to prescribed treatment, and marked limitation in one area of functioning." *Id*.

Here, the ALJ found Plaintiff's migraine impairment to be non-severe at step two. (AR 46). Plaintiff does not contend in her opening brief that the ALJ erred at step two by finding her migraine impairment to be non-severe. (Dkt. 17). Rather, Plaintiff alleges

---

[3] To determine whether a claimant's symptoms are "equal in severity and duration to the criteria in 11.02(B)," the ALJ must consider: A detailed description from an [acceptable medical source] of a typical headache event, including all associated phenomena (for example, premonitory symptoms, aura, duration, intensity, and accompanying symptoms); the frequency of headache events; adherence to prescribed treatment; side effects of treatment (for example, many medications used for treating a primary headache disorder can produce drowsiness, confusion, or inattention); and limitations in functioning that may be associated with the primary headache disorder or effects of its treatment, such as interference with activity during the day (for example, the need for a darkened and quiet room, having to lie down without moving, a sleep disturbance that affects daytime activities, or other related needs and limitations). Social Security Ruling (SSR) 19-4p, available at 2019 SSR LEXIS 6, at *7, 2019 WL 4169635 (Aug. 26, 2019).

**MEMORANDUM DECISION AND ORDER - 8**

error on the part of the ALJ at step three, by failing to consider the migraine listing at step three, and that Plaintiff's migraine impairment met or equaled the 11.02B listing. (Dkt. 17).

In Plaintiff's reply brief, she contends that finding her migraine impairment to be severe "is surely met with four 'breakthrough' migraines per month." (Dkt. 20 at 3). Plaintiff goes on to contend that "as discussed in [her] opening brief, the severity and frequency of the migraines. . . was not merely severe, but actually well in excess of listing level." *Id*. at 4.  However, as it is unclear where in Plaintiff's opening brief she argues error at step two, the Court need not consider arguments raised for the first time in a reply brief. *In re Rains*, 428 F.3d 893, 902 (9th Cir. 2000). Further, Plaintiff acknowledges in her briefing that it is because the ALJ found her migraines non-severe at step two, that the decision lacked a discussion of her migraine impairment at step three. (Dkt. 20 at 3).

An ALJ does not harmfully err by failing to specifically consider the listing of non-severe impairments, identified at step two, in considering whether a claimant's impairments meet or equal the listings at step three. *See Nicholas G v. Kijakazi*, 2022 U.S. Dist. LEXIS 58531, at *9 (D. Idaho Mar. 28, 2022) (citing *Lewis*, 236 F.3d at 512) (finding the ALJ is required to make sufficient findings at step three as to the evidence and listing relevant to those impairments found to be *severe*) (emphasis added); *see also Rader*, 2018 WL 4087988, at *3-4 ("Given this, it is no surprise that an ALJ's failure to specifically consider Listing 11.02 constitutes legal error when a claimant's migraine

**MEMORANDUM DECISION AND ORDER - 9**

headaches were found to be a severe impairment at step two.") (citations omitted)). Plaintiff additionally stated in her opening brief that "if a *severe* impairment is present, the third step is to determine whether it meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App.1. (Dkt. 17 at 9) (emphasis added).

Plaintiff appears to argue that because her migraine impairment should have been found to have met or medically equaled a listing at step three, the impairment must have also been found to be severe at step two, without actually alleging step two error in her brief.[4] None of the authority cited to by Plaintiff in her briefing supports the conclusion that an ALJ commits error by not including a non-severe impairment listing, like 11.02 here, in the step three consideration. Plaintiff did not allege error at step two in her opening brief, and therefore, has waived any argument in that regard. *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009) ("Because this argument was not raised clearly and distinctly in the opening brief, it has been waived."); *Carmickle*, 533 F.3d at 1161 n.2.

Further, even if the ALJ had erred in failing to evaluate the 11.02 listing individually at step three, the ALJ had already found Plaintiff's migraines to be non-severe, and therefore not disabling. If a claimant meets or medically equals a listing at step three, they are found to be disabled. As Plaintiff's migraine impairment was found to be non-severe, it is also not going to meet or medically equal the severity of the 11.02

---

[4] In Plaintiff's argument that the ALJ improperly rejected her testimony as to the severity and symptoms of her migraines, she also states that "the ALJ's decision badly mischaracterizes the evidence related to Plaintiff's migraine headaches, finding them not to even constitute a severe impairment." (Dkt. 16 at 10). This statement does not rise to the level of a clear and distinct argument that that the ALJ erred at step two. *See Bennett v. Colvin*, 609 Fed. Appx. 522, 524 (9th Cir. 2015).

**MEMORANDUM DECISION AND ORDER - 10**

listing at step three. The ALJ ultimately moved past step two, onto the remaining steps, and fully considered Plaintiff's migraine impairment when creating the RFC. *See* SSR 96-8p, 1996 SSR LEXIS 5 (requiring an ALJ to consider limitations imposed by all of a claimant's impairments, including those that are not severe). In doing so, the ALJ found that although her migraines were not severe, limitations regarding Plaintiff's exposure to noise, vibration, and pulmonary irritants were appropriate. (AR 54-56). As such, the Court finds no harmful error in the ALJ's step three evaluation, and that Plaintiff has waived any argument as to error at step two.

**2.      Plaintiff's Symptom Statements**

Second, Plaintiff argues that the ALJ improperly rejected her migraine testimony, which was well supported by evidence in the record. (Dkt. 17 at 10). Defendant contends that the ALJ reasonably discounted Plaintiff's testimony about her migraines because the record showed symptoms improved with medication. (Dkt. 19 at 2).

Where the record contains objective medical evidence "establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which [s]he complains" and there has not been an affirmative finding of malingering, a claimant's subjective symptom testimony may only be rejected for clear and convincing reasons. *Carmickle*, 533 F.3d at 1160. The clear and convincing standard does not require this Court to be convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

**MEMORANDUM DECISION AND ORDER - 11**

Here, the ALJ summarized Plaintiff's functional report and headache questionnaire, where she reported several migraines per month causing pain, nausea, and sensitivity to light and sound. (AR 48-49, 317, 365). The ALJ also summarized her hearing testimony where Plaintiff said she has ten to fifteen less-severe headaches a month, where she is still able to function. (AR 49, 83). The ALJ found Plaintiff reported to providers that she took Ubrelvy, an abortive medication for her migraines, in addition to the monthly Ajovy injections. Plaintiff stated that she used Ubrelvy approximately five times a month, which reduced her headache pain to a one or two out of ten after only 30 to 40 minutes. (AR 53, 1804). She also reported that her migraine pain was well controlled with monthly Ajovy injections. (AR 53, 1814).

After discussing the remaining medical evidence relating to Plaintiff's other impairments, the ALJ found Plaintiff's allegations of disabling symptoms were not consistent with the objective evidence, Plaintiff's past statements, her activities of daily living, her psychiatrist's opinion, and her presentation at the hearing. (AR 52). The ALJ found that while Plaintiff's impairments could reasonably be expected to produce some of the alleged symptoms, the objective medical evidence was inconsistent with her allegations about the intensity, persistence, and functionally limiting effects of her symptoms. *Id*.

Plaintiff takes issue with the ALJ's evaluation of the medical evidence regarding her migraine symptoms. (Dkt. 17 at 11, 20 at 2). Plaintiff claims that the ALJ erred in rejecting her symptom testimony regarding her migraine limitation because he

**MEMORANDUM DECISION AND ORDER - 12**

overlooked the fact that Plaintiff's breakthrough migraines continued to occur. (Dkt. 20 at 2). Plaintiff contends that the medical evidence demonstrates her history of migraine treatment and her continued symptoms. *Id*. However, the ALJ noted that Plaintiff reported still having migraine episodes approximately four times a month even with the monthly injections. (AR 49). The ALJ also discussed Plaintiff's testimony that she requires abortive medication for migraines multiple times a month, which she reported reduces her pain significantly. (AR 53, 1804). The ALJ highlighted evidence of improvement and acknowledged the persistence of Plaintiff's migraine symptoms by including applicable limitations in the RFC, demonstrating that the ALJ considered Plaintiff's symptoms "in context of the overall diagnostic picture." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

While the ALJ observed that Plaintiff's treatment notes and testimony reflected her continued migraines, the ALJ also found her migraines appeared to be well-controlled with the mixture of the monthly injections and the abortive medication when she was experiencing breakthrough migraines. *Warre v. Comm'r of the SSA*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling.") (citations omitted). The Court finds that the ALJ sufficiently considered Plaintiff's symptom testimony regarding her migraines and identified clear and convincing reasons to support that her allegedly disabling symptoms were inconsistent with other evidence in the record.

The ALJ found Plaintiff's alleged disabling migraine symptoms were inconsistent with her past recorded statements to providers, where Plaintiff reported that her migraine pain was improved. (AR 46, 48, 53, 1804, 1808, 1814, 1852). The combination of Plaintiff's statements to providers that her migraines had improved with treatment, and her ability to take the abortive migraine medication for the breakthrough monthly migraines, demonstrated that her migraine symptoms were not as disabling as Plaintiff alleges. *See Warre*, 439 F.3d at 1006; *Smartt*, 53 F.4th at 498-99 (noting the ALJ may weigh objective medical evidence inconsistent with the claimant's testimony as "undercutting such testimony."). The Court finds that the records discussed in the decision support the ALJ's evaluation of Plaintiff's symptom statements.

As such, substantial evidence supports the ALJ's determination here. Plaintiff's alternative interpretation of the objective medical evidence does not show error in the ALJ's rational interpretation of the evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Therefore, the ALJ reasonably found Plaintiff's testimony regarding debilitating migraine symptoms to be inconsistent with her statements to providers, and the ALJ's reasoning was specific, clear, and convincing. *Shank v. O'Malley*, 2024 U.S. App. LEXIS 27263, at *3-4 (9th Cir. 2024) ("It is proper for an ALJ to consider inconsistencies between a claimant's testimony and statements to medical providers.").

Plaintiff goes on to argue that her migraine symptoms, while improved, were still at a level that would prevent her from working nearly once per week. (Dkt. 17 at 11). However, with the abortive medication Plaintiff testified to using approximately five

**MEMORANDUM DECISION AND ORDER - 14**

times her month, reducing her pain level to a one or two out of ten, it is not apparent that her absenteeism would rise to the level of precluding her from full-time work. (AR 1804, 1808). Further, the state agency medical consultants, whose opinions the ALJ found to be largely persuasive and are unchallenged on appeal, reviewed the record and period at issue and did not find that Plaintiff would be absent from work at a rate that would preclude gainful employment. (AR 54-55).

Ultimately, Plaintiff merely disputes the weight the ALJ gave the migraine related evidence. The Ninth Circuit has held that "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). In all, Plaintiff demonstrated marked improvement in her migraine symptoms with medication, as demonstrated by her statements to providers, which is a clear and convincing reason for the ALJ to discount Plaintiff's more severe subjective complaints about the limitations her migraines caused. Plaintiff here offers an alternative interpretation of the evidence, but having carefully reviewed the records, the Court finds the ALJ's conclusion is supported by substantial evidence.

The ALJ also found Plaintiff's symptom testimony was inconsistent with her activities of daily living. (AR 52-53). An ALJ may consider a claimant's activities that undermine her reported symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work

**MEMORANDUM DECISION AND ORDER - 15**

setting" or when activities "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012).

While Plaintiff alleged her symptoms were completely debilitating, the ALJ found her activities of daily living demonstrated a high level of functioning that was inconsistent with her allegations. (AR 53). Plaintiff reported working part time (AR 69, 1239, 1363, 1549, 1586, 1807, 1852), and to being the primary caregiver for her minor children (AR 91, 358, 1267). The ALJ discussed a record from Plaintiff's provider where she stated she was attempting to work fewer hours at work in order to be home more often with her child, not due to her impairments. (AR 53, 1586). Plaintiff reported she prepares meals, cleans, does laundry, and sweeps, mops, and vacuums the floors. (AR 53, 77, 359). She also stated that she drives and shops in stores, handles her own money, and pays bills. (AR 53, 360).

The ALJ here acknowledged that Plaintiff did not need to demonstrate that she was "bed-bound" in order to be entitled to benefits but found Plaintiff's activities of daily living demonstrated intact functioning with minimal limitations. (AR 53). The ALJ ultimately concluded that the daily activities described by Plaintiff were inconsistent with her complaints of disabling symptoms, including her testimony that she must lie down multiple times per day. (AR 53). It is not the Court's role to second-guess an ALJ's reasonable interpretation of a claimant's testimony. *Smartt*, 53 F.4th at 500. As such, inconsistencies with Plaintiff's daily activities are an appropriate basis for discounting her testimony regarding the disabling effects of her impairments. *Id.* at 499-500.

However, Plaintiff also argues that the ALJ mischaracterized the evidence relating to her migraines when finding that they were "well-controlled with medication after less than 12 months of ongoing treatment". (AR 46; Dkt. 17 at 12). The record from January 2023 cited to by the ALJ in support of this finding notes that Plaintiff has been treating her migraines with Anjovy injections since January 2022, which provided significant relief. (AR 1804). However, the same record states that Plaintiff previously tried sumatriptan, Excedrin, Tylenol, ibuprofen, propranolol, and gabapentin to treat her migraines before beginning Anjovy. (AR 1805). Further, when Anjovy injections were first prescribed to Plaintiff, she noted being prescribed propranolol, Topamax, and citalopram in the past to treat her migraines, but developed side effects from those medications. (AR 1234). The record demonstrates that Plaintiff had been treating her migraines for more than 12 months.

Although the Court agrees with Plaintiff that the ALJ mischaracterized the record here concerning the duration of her migraine treatment, the ALJ provided other clear and convincing reasons to discredit her symptom statements regarding her migraines. (AR 46); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (an ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for discounting the claimant's testimony are upheld). Therefore, the ALJ's mischaracterization concerning the duration of Plaintiff's migraine treatment is harmless error, as Plaintiff's reported improvement to her providers, regardless of the duration of treatment, and her activities of daily living, are clear and

convincing reasons for the ALJ to discredit Plaintiff's symptom statements. *Molina*, 674 F.3d at 1115 (holding that the court may not reverse for errors that are inconsequential to the ultimate disability determination).

The clear and convincing standard requires an ALJ to show his work, which the ALJ did here. In discounting Plaintiff's testimony, the ALJ identified specific, clear, and convincing reasons supporting a finding that Plaintiff's limitations were not as severe as she claims. *Smartt*, 53 F.4th at 499 (citing *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021). As such, the Court finds that the ALJ committed no harmful error, since Plaintiff's statements to providers demonstrating improvement with treatment and contradiction with her daily activities, are sufficient bases for rejecting Plaintiff's subjective testimony. *Molina*, 647 F.3d at 1112-13.

## CONCLUSION

Based on the above, the Court finds the Commissioner's decision is supported by substantial evidence and reflects the application of the correct legal standards. The decision will be affirmed.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) The decision of the Commissioner of Social Security be **AFFIRMED**;

2) Judgement be **ENTERED** consistent with the above in favor of Defendant.



DATED: March 24, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 19**